**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6928**

---

OSCAR PEREZ,

Plaintiff - Appellant,

v.

TROY A. MORRISON, Sergeant, Alexander CI,

Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Martin K. Reidinger, Chief District Judge.  (5:21-cv-00097-MR)

---

Submitted:  January 30, 2024                    Decided:  February 6, 2024

---

Before KING, AGEE, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Oscar Perez, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Perez appeals the district court's order granting summary judgment in favor of Appellee Troy Morrison on Perez's amended 42 U.S.C. § 1983 complaint. Limiting our review to the issues raised in the informal brief, we have reviewed the record and find no reversible error. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

"We review de novo a district court's award of summary judgment, viewing the facts in the light most favorable to the non-moving party." *Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 228 (4th Cir. 2022). "Summary judgment is properly awarded only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted). "To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant[] took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant['s] conduct." *Shaw v. Foreman*, 59 F.4th 121, 130 (4th Cir. 2023) (internal quotation marks omitted).

Our review of the record leads us to conclude Perez did not establish a genuine dispute of material fact as to the causation element of his claim. The undisputed evidence shows Morrison "would have taken the same action[s] in the absence of [Perez's] protected activity" as part of an investigation that began before any of Perez's protected activity

2

occurred. *Id.* at 130. Moreover, many of the adverse actions of which Perez complains were taken by or explicitly approved by officers who are not named defendants in this suit and were in line with undisputed prison policy applicable to inmates who are under investigation.

Accordingly, we affirm the district court's judgment. *Perez v. Morrison*, No. 5:21-cv-00097-MR (W.D.N.C. Sept. 6, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*